**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

F I L E
MAR - 4 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA    )
    )
v.    )    Criminal No. 3:08CR189–HEH
    )
PRESTON DICKSON,    )
    )
    Petitioner.    )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Preston Dickson, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF No. 120, "§ 2255 Motion"). The Government requests that the Court deny the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion. Dickson has responded. For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

Dickson pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride. (Plea Agreement 1, ECF No. 38.) On November 20, 2008, after sentencing Dickson to 151 months of imprisonment, the Court entered judgment in Dickson's criminal case. (J. 2, ECF No. 75.) Dickson did not appeal.

On May 3, 2013, Dickson placed his § 2255 Motion in the prison mail system.[1]

(§ 2255 Mot. 14.) In his § 2255 Motion, Dickson contends that the Court improperly

imposed a two-point enhancement in calculating his sentence.

## II. ANALYSIS

### A.    Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a

§ 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)**    A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from the latest of—
>
> > **(1)**    the date on which the judgment of conviction becomes
> > final;
> >
> > **(2)**    the date on which the impediment to making a motion
> > created by governmental action in violation of the
> > Constitution or laws of the United States is removed, if
> > the movant was prevented from making a motion by
> > such governmental action;
> >
> > **(3)**    the date on which the right asserted was initially
> > recognized by the Supreme Court, if that right has
> > been newly recognized by the Supreme Court and
> > made retroactively applicable to cases on collateral
> > review; or
> >
> > **(4)**    the date on which the facts supporting the claim or
> > claims presented could have been discovered through
> > the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[1] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

Because Dickson did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, December 5, 2008—the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:04CV122, 4:01CR16, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Thus, Dickson had until Monday, December 7, 2009 to file any motion under 28 U.S.C. § 2255. Because Dickson did not file his § 2255 Motion until more than three years later, the statute of limitations bars the § 2255 Motion unless Dickson demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or equitable tolling. Neither Dickson nor the record demonstrates any basis for a belated commencement of the limitation period or equitable tolling.

### III. CONCLUSION

The statute of limitations bars Dickson's § 2255 Motion. The § 2255 Motion (ECF No. 120) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Dickson has not satisfied this standard. Accordingly, the Court will deny a COA.

An appropriate Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 4, 2014
Richmond, Virginia